**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Chidi A.[1], | Case No. 25-cv-2575 (SGE) |
| Plaintiff, | |
| v. | **ORDER** |
| Frank Bisignano, *Commissioner of Social Security*, | |
| Defendant. | |

Plaintiff Chidi A. filed an appeal of the Commissioner of Social Security's November 30, 2019 determination that he did not qualify for retirement benefits, an April 2022 determination granting retirement benefits, and a subsequent correction that granted him benefits back to November 2019 at a lower monthly amount than he received in 2022. (*See* Compl., Dkt. 1, *and* Am. Compl., Dkt. 4.) This Court previously dismissed without prejudice an earlier action raising these same issues in *Anunka v. Comm'r of Soc. Sec.*, No. 24-cv-3794 (SGE) (D. Minn.) Defendant now moves to dismiss Mr. A's complaint as untimely. (Dkt. 6.)

## BACKGROUND

Mr. A applied to the Social Security Administration for retirement insurance benefits on September 24, 2019. (*See Anunka v. Comm'r of Soc. Sec.*, No. 24-cv-3794

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in Social Security opinions such as the present Order. Thus, when the Court refers to Plaintiff, it is by his or her first name and last initial only.

(SGE) (D. Minn.), Dkt. 3 ("R.") at 11.) The SSA denied his application on November 30, 2019, stating that he did not qualify for retirement benefits because he did not provide requested evidence that the SSA needed to evaluate his application. (*Id.*)

Mr. A filed another application for retirement insurance benefits on April 15, 2022. (*See id.*) The SSA issued a Notice of Award on April 25, 2022, notifying Mr. A that he was entitled to monthly retirement insurance benefits of $1,399 per month going back to October 2021. (*Id.*) He requested reconsideration of the award on August 4, 2022, seeking benefits dating back to September 2019. (*See id.*) The SSA issued a Notice of Reconsideration on May 23, 2023, that corrected Mr. A's record and reversed the 2019 determination, awarding him retirement benefits of $1,206 per month dating back to September 2019. (R. 71-74.)

Mr. A then filed a Request for Hearing, arguing that he was unjustly denied benefits that deprived him the use of funds and that the corrective action was paid for by deductions from his benefits. (R. 12.) An ALJ held a telephone hearing on March 14, 2024, and issued a decision on April 15, 2024. (R. 11-13.) The ALJ determined that Mr. A's benefits had been paid effective September 2019. (*Id.*) The Appeals Council denied Mr. A's request for review on August 14, 2024. (R. 1-5.)

Mr. A filed an earlier complaint challenging this determination on October 1, 2024, appealing the Commissioner's 2019 determination that he did not qualify for retirement benefits and the subsequent 2023 calculation of past due benefits that reduced the monthly award amount. *See Anunka v. Comm'r of Soc. Sec.*, No. 24-cv-3794 (SGE) (D. Minn.) ("First Action"). The Commissioner filed a certified administrative record as an answer as

2

allowed by Rule 4 of the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g). (*See id.*, Dkt. 3.) Mr. A filed an Amended Complaint in the First Action on April 16, 2025. (*Id.*, Dkt. 4.) This Court issued a briefing order that set Mr. A's brief due on May 15, 2025, warning that a failure to file a brief may result in dismissal of the action for failure to prosecute. (*Id.*, Dkt. 5.) Mr. A failed to file a brief in support of his requested relief, and this Court dismissed the First Action without prejudice for failure to prosecute on May 21, 2025. (*See id.*, Dkt. 6.) Mr. A did not appeal this dismissal.

Mr. A then filed the Complaint in this matter on June 18, 2025, challenging the same determinations by the Commissioner. (Compl., Dkt. 1, at 2-4.) The Commissioner now moves to dismiss this Complaint as untimely. (Dkt. 7.)

## ANALYSIS

Title 42 of the United States Code Section 405 provides for judicial review of final decisions of claims arising under Title II of the Social Security Act. It provides, in relevant part:

> (g) Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow . . .

> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided . . . .

3

42 U.S.C. § 405(g), (h). An action challenging an Appeals Council's decision must be filed within 60 days after receiving notice of the action. 20 C.F.R. §§ 404.981, 422.210(c). A claimant may request an extension of this deadline in writing, providing the reasons the request was not timely filed and good cause for missing the deadline. *See* 20 C.F.R. §§ 404.982, 422.210(c). Courts must strictly construe these requirements because they operate as a waiver of sovereign immunity. *See Bowen v. City of New York*, 476 U.S. 467, 479 (1986).

The Court concludes that Mr. A's Complaint in this matter must be dismissed because it was filed more than 60 days after the Appeals Council's decision. Mr. A filed his complaint in the First Action on October 1, 2024, which was 48 days after the Appeals Council's denial of review. This Court dismissed the First Action without prejudice for failure to prosecute on May 21, 2025. Then, Mr. A filed this action on June 18, 2025—28 days after the First Action was dismissed. Mr. A has not argued that the First Action tolled this deadline (*see* Dkts. 15 & 17), and even if it did, the Complaint in this matter was filed more than 60 days after the Appeals Council's decision. Because the Complaint was filed more than 60 days after the Appeals Council's decision in violation of the strict requirements of § 405, this Court has no choice but to dismiss the Complaint.

## **ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** the Commissioner's Motion to Dismiss is **GRANTED**, and the Complaint in this matter is **DISMISSED**.

Dated: May 22, 2025

*s/Shannon G. Elkins*
SHANNON G. ELKINS
United States Magistrate Judge